IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SAMIR BAHBOUCHE § <br> § <br> *Plaintiff,* § <br> § <br> v. § <br> § CASE NO. \_\_\_\_\_ <br> UNITED PROPERTY AND CASUALTY § <br> INSURANCE COMPANY AND CAROL § <br> CALFEE § <br> § <br> *Defendants.* § | |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

Defendant UNITED PROPERTY AND CASUALTY INSURANCE COMPANY, in a cause styled *Samir Bahbouche v. United Property and Casualty Insurance Company and Carol Calfee*, originally pending as Cause No. 2019-78002 in the 11th Judicial District Court of Harris County, Texas, hereby respectfully files this Notice of Removal of that cause to the United States District Court for the Southern District of Texas, Houston Division, while fully reserving all rights and defenses, and as grounds therefore would respectfully show the Court as follows:

### NATURE OF THE PENDING STATE CASE

1. On or about October 24, 2019, Samir Bahbouche ("Plaintiff") filed a civil action styled *Samir Bahbouche v. United Property and Casualty Insurance Company and Carol Calfee*, under Cause No. 2019-78002 in the 11th Judicial District Court of Harris County, Texas.

2. This case is an insurance dispute wherein Plaintiff alleges in his Original Petition that his property located at 13035 Mossy Ridge Cove, Houston, Texas 77041 was insured under an insurance policy issued by Defendant United Property and Casualty Insurance Company, and

sustained damage from Hurricane Harvey on or about August 25, 2017. Plaintiff has sued both UPC and Carol Calfee alleging causes of action for breach of contract, violations of the Texas Insurance Code and Texas Civil Practice and Remedies Code, and breach of the duty of good faith and fair dealing against UPC and violations of the Texas Insurance Code against Calfee.

3. UPC has attached the documents required to be filed with this Notice of Removal in compliance with Local Rule 81.[1]

## JURISDICTION

4. Pursuant to 28 U.S.C. §1441(a), UPC removes this action to the District Court of the United States for the Southern District of Texas, Houston Division, because it is the District and Division embracing the place where such action is pending. Additionally, this Court has diversity jurisdiction, as shown below, because the parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

**A.  Diversity of the Parties**

5. Plaintiff's Complaint states he resides in Harris County, Texas.[2]

6. UPC is a foreign entity organized in Florida. Its principle place of business is at 800 2nd Avenue South, St. Petersburg, Florida 33701.

7. Plaintiff's complaint further states that Calfee is a resident of Georgia[3], and upon information and belief Calfee is a citizen of that state. Regardless, UPC has elected to assume all liability for Calfee pursuant to Texas law and as a result she should be dismissed from this suit.[4]

---

[1] Plaintiff's Original Petition, attached hereto as Exhibit "A;" Proof of Service, attached hereto as Exhibit "B;" Defendant's Original Answer, attached hereto as Exhibit "C", An Index of Matters Being Filed, attached hereto as Exhibit "D;" Copy of State Court Docket Sheet, attached hereto as Exhibit "D-1;" Copy of Process, attached hereto as Exhibit "D-2," List of All Counsel of Record, attached hereto as Exhibit "D-3;" Civil Cover Sheet, attached hereto as Exhibit "E;" and Plaintiff's pre-suit notice letter attached as Exhibit "F."
[2] Exhibit "A," p. 1.
[3] *Id.*, p. 2.
[4] *See* Exhibit "C."

**B.      Amount in Controversy**

8.      As demonstrated herein, it is apparent from Plaintiff's pleading and by a preponderance of the summary-judgment-type evidence that the amount in controversy in this matter exceeds the jurisdictional minimum of $75,000.00, exclusive of interest and costs.

   **a)      The Fifth Circuit's standard.**

9.      Subject to several exceptions, the sum demanded in good faith in a plaintiff's complaint is generally deemed to be the amount in controversy.[5] One such exception is when "the State practice does not permit demand for a specific sum."[6] The Fifth Circuit has explicitly recognized the importance of this exception, and held that when a plaintiff pleads a specific sum (or a ceiling on damages "barely within the statutory limit")[7] below the jurisdictional minimum in contravention of state practice, "[s]uch manipulation is surely characterized as bad faith."[8]

10.     In such a situation, the amount pleaded by the plaintiff is no longer entitled to the deference of the general rule, and the removing defendant may demonstrate by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum.[9] This can be accomplished by showing that it is apparent from the face of the plaintiff's petition that the claims are likely to exceed $75,000.00; or by providing "summary judgment-type evidence of facts in controversy" supporting the proposition that the jurisdictional minimum has been met.[10] To avoid removal, the plaintiff must show that "as a matter of law, it is certain that he will not be able to recover more than the damages for which he has prayed in the state court complaint."[11]

---

[5] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S. Ct. 586, 590, 82 L. Ed. 845 (1938)); 28 U.S.C. § 1446(c)(2).
[6] 28 U.S.C. § 1446(c)(2)(A).
[7] *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).
[8] *Id.*, at 1410.
[9] *Id.*, at 1410-1411; 28 U.S.C. § 1446(c)(2).
[10] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *see also White v. FCI USA, Inc.*, 319 F.3d 672, 674–75 (5th Cir. 2003)
[11] *De Aguilar,* 47 F.3d at 1411.

    b)    **The specific damage amount pleaded by Plaintiff contravenes state practice in bad faith and does not control the amount in controversy.**

11. Texas law does not allow plaintiffs to plead specific amounts of damages.[12] Instead, it requires that pleadings contain statements that the damages sought are within the jurisdictional limits of the state court, and that those damages fall within one or more allocated ranges of monetary value.[13] Plaintiff in the instant matter has failed to comply with Texas Rule of Civil Procedure 47 since he has not pleaded the required monetary damage range, and has instead pleaded that his damages are between $25,000.00 and $75,000.00—clearly for the sole purpose of attempting to avoid diversity jurisdiction.[14] Importantly, both the Fifth Circuit and this District have held this limiting statement is not permitted under Texas state practice.[15] The specific amount of damages pleaded in Plaintiff's Original Petition is therefore not entitled to the deference provided by § 1446(c)(2).

12. As shown below, including the statement that his damages do not exceed $75,000.00 was done in bad faith because Plaintiff has already submitted a pre-suit notice letter wherein he alleged his damages are valued at over $100,000.00 and he also pleaded for treble damages in his Original Petition; therefore, by a preponderance of the evidence, the amount in controversy exceeds the jurisdictional threshold and this Court has jurisdiction and removal is proper.

    c)    **Plaintiff's Original Petition and pre-suit notice letter demonstrates by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.**

13. The actual amount in controversy exceeds $75,000. Exhibit "F" attached to this

---

[12] *Id.*, at 1410.
[13] *See* Tex. R. Civ. P. 47(b)-(c).
[14] *See* Exhibit "A," at p. 2.
[15] *See De Aguilar,* 47 F.3d at 1411; *Noyola v. State Farm Lloyds*, No. 7:13-CV-146, 2013 WL 3353963, at *2 (S.D. Tex. 2013).

Notice of Removal is Plaintiff's pre-suit notice letter which lists Plaintiff's damages to be as follows:

| | |
|---|---|
| Actual damages: | $55,840.95 |
| Interest: | $7,864.57 |
| Attorney's Fees: | $2,244.00 |
| Anticipated Future Attorney's Fees: | $45,000.00 |
| **Total:** | **$110,949.52** |

14. Had Plaintiff only sued Defendant for an award of damages based solely on his alleged actual damages, perhaps the amount in controversy would remain below $75,000; however, Plaintiff has instead prayed for actual damages; statutory damages of 5% interest plus the rate determined in the Texas Finance Code;[16] treble damages under the Texas Business and Commerce Code and Texas Insurance Code;[17] and attorneys' fees under the Texas Civil Practice and Remedies Code.[18]

15. The Fifth Circuit recognizes that "specific damage estimates that are less than the minimum jurisdictional amount, when combined with other unspecified damage claims, can provide sufficient notice that an action is removable . . . ."[19] The Fifth Circuit has likewise held that when, as here, state law makes available extra-contractual damages in the form of "penalties, statutory damages, and punitive damages," those are "items to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law."[20]

16. Based upon the notice letter, Plaintiff is seeking recovery of $55,840.95 in actual damages. When that amount is trebled, as Plaintiff has requested, and combined with Plaintiff's

---

[16] Exhibit "A," at p. 6; see also *St. Paul Reinsurance*, 134 F.3d at 1255 (discussing 18% per annum interest formerly available under Texas Insurance Code and holding that "[d]espite being described in terms of a per annum percentage for purposes of calculation, the statutory exaction here is not 'interest' within the contemplation of § 1332; it clearly is an element of damages.").
[17] *See* TEX. INS. CODE § 541.152(b); *see also* Exhibit "A," at pp. 7-9.
[18] *See* Exhibit "A," at pp. 9-10.
[19] *Bosky v. Kroger Tex., Ltd. P'ship*, 288 F.3d 208, 210 (5th Cir. 2002).
[20] *St. Paul Reinsurance*, 134 F.3d at 1253; *Manguno*, 276 F.3d at 723; *see also Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 54 (Tex. 1997) (discussing availability of extra-contractual damages).

other claims for compensatory damages, interest, and attorney's fees, the total amount in controversy in this matter greatly exceeds the jurisdictional minimum of $75,000.00. Not surprisingly, the Fifth Circuit and courts in this District have agreed, holding that similar "lengthy list[s] of compensatory and punitive damages . . . when combined with attorney's fees, would exceed $75,000."[21]

17. As a result, because the foregoing summary judgment-type evidence demonstrates by a preponderance of the evidence that the amount in controversy in this matter exceeds $75,000.00 exclusive of interests and costs, and because there is diversity of citizenship between Defendant and Plaintiff, removal is proper under 28 U.S.C. § 1332(a).

### d) Plaintiff cannot meet his burden to show that the amount in controversy is less than $75,000.

18. "In order for a federal court to decline jurisdiction, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount."[22] The burden to prove this "legal certainty" shifts to the plaintiff once a defendant shows that the amount in controversy actually exceeds the jurisdictional amount.[23] Then, "the plaintiff must be able to show that, as a matter of law, it is certain that he will not be able to recover more than the damages for which he has prayed in the state court complaint."[24]

19. Here, Plaintiff has no evidence that he cannot recover (and is actually not seeking) damages in excess of $75,000. A Plaintiff seeking to avoid federal jurisdiction will typically file a stipulation or affidavit with their petition, alleging they will not seek damages in excess of

---

[21] *White*, 319 F.3d at 675-76; *see also Salinas v. Allstate Tex. Lloyds*, No. 7:16-CV-239, 2016 U.S. Dist. LEXIS 191648, at *6 (S.D. Tex. 2016); *Rodriguez v. Allstate Tex. Lloyds*, No. 7:14-CV-963, 2015 U.S. Dist. LEXIS 190910, at *8 (S.D. Tex. 2015).
[22] *See De Aguilar,* 47 F.3d at 1409.
[23] *Id.*, at 1411.
[24] *Id.*

$75,000 and will not accept an award above this amount.[25] While the effect or methodology in making these statements binding upon the parties is debatable,[26] Plaintiff did not even attempt to present such a stipulation or affidavit in this case. Indeed, the very pre-suit notice letter he submitted prior to filing suit is the best evidence of Plaintiff's valuation of his present suit for purposes of determining diversity jurisdiction.

20.　Additionally, should Plaintiff attempt to amend his petition after this case is removed to include such a stipulation, this amendment may not be considered. According to the Fifth Circuit, "litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case, [however]. . . later filings [are] irrelevant."[27] As a result, Plaintiff has not met his burden to subvert this Court's jurisdiction and cannot by amendment successfully keep this case in state court.

## TIMING OF REMOVAL

21.　Defendant was served with this lawsuit on November 4, 2019 by serving the Registered Agent, CT Corporation System.[28] Therefore, this Notice of Removal is being filed within 30 days of service of the petition pursuant to 28 U.S.C. §1446(b), and is filed less than one year after commencement of the action, pursuant to 28 U.S.C. §1446(c). This Notice is therefore timely filed.

## NOTICE TO ADVERSE PARTIES AND STATE COURT

22.　As the removing party, Defendant will give Plaintiff prompt written notice of this Notice of Removal pursuant to 28 U.S.C. §1446(d).

---

[25] *Ditcharo v. UPS*, 376 F. App'x 432, 437 (5th Cir. 2010) ("Plaintiffs may attempt to establish such 'legal certainty' by submitting a 'binding stipulation or affidavit' with their complaint, stating that they affirmatively seek less than the jurisdictional threshold, and further stating that they will not accept an award that exceeds that threshold.").
[26] *See e.g. Leon v. Great Lakes Reinsurance (UK)*, 2017 U.S. Dist. LEXIS 220707 *6 (S.D. Tex. 2017) ("[A] stipulation is a binding contract between the parties. Plaintiff cannot unilaterally create such a stipulation.").
[27] *Id.* at 1412.
[28] *See* Exhibit "B."

23. Defendant will also file a copy of this Notice of Removal with the 11th Judicial District Court of Harris County, Texas, where the state court action is currently pending, as required by 28 U.S.C. §1446(d).

## ANSWER

24. Defendant filed an Answer to Plaintiff's lawsuit on November 25, 2019.

## JURY DEMAND

25. Defendant hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## CONCLUSION AND PRAYER

26. In light of the foregoing, Defendant respectfully removes this civil action styled *Samir Bahbouch v. United Property and Casualty Insurance Company and Carol Calfee*, under Cause No. 201978002 in the 11th Judicial District Court of Harris County, Texas.

27. Defendant prays for such other and further relief, both general and special, at law and in equity, to which it may show itself justly entitled.

Respectfully submitted by,

*/s/ Les Pickett*
Les Pickett
  "Attorney-in-Charge"
  Federal I.D. No. 14306
  State Bar No. 15980520
  lpickett@gallowaylawfirm.com
William D. Abbott
  Federal I.D. No. 2789456
  State Bar No. 24087069
  wabbott@gallowaylawfirm.com

OF COUNSEL:
GALLOWAY, JOHNSON, TOMPKINS,
BURR & SMITH
1301 McKinney Suite 1400
Houston, Texas 77010

(713) 599-0700 – Telephone
(713) 599-0777 – Facsimile
**ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this 4th day of December 2019, a copy of the above and foregoing Notice of Removal was filed electronically with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

  Bryant Fitts
  Colton R. Shufelt
  FITTS LAW FIRM, PLLC
  4801 Richmond Avenue
  Houston, Texas 77027
  ***Counsel for Plaintiff***

            */s/  William D. Abbott*
            Les Pickett
            William D. Abbott