10/24/2019 3:32 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37940060
By: Carolina Salgado
Filed: 10/24/2019 3:32 PM

NO._____

| | | |
|---|---|---|
| SAMIR BAHBOUCHE<br>*Plaintiff,* | §<br>§<br>§ | IN THE DISTRICT COURT |
| v. | §<br>§ | |
| | § | _____JUDICIAL DISTRICT |
| UNITED PROPERTY AND CASUALTY<br>INSURANCE COMPANY AND<br>CAROL CALFEE | §<br>§<br>§ | |
| *Defendant.* | § | HARRIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND
## INITIAL WRITTEN DISCOVERY REQUESTS

Pursuant to the Texas Rules of Civil Procedure, Plaintiff, Samir Bahbouche files this Original Petition and Initial Written Discovery Requests, complaining of the acts and omissions of Defendants, United Property and Casualty Insurance Company and its adjuster Carol Calfee, and in support, respectfully show the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

This case is intended to be governed by Discovery Level 2.

### II.
### PARTIES & SERVICE

Samir Bahbouche ("Plaintiff") is a resident of Harris County, Texas.

Defendant United Property and Casualty Insurance Company ("UPC") is, according to the Texas Department of Insurance, a domestic insurance company doing business in Texas that may be served with process through its registered agent C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

**EXHIBIT A**

Defendant Carol Calfee ("Calfee") is an individual who assisted with adjusting the claim at issue and is licensed to handle claims as an adjuster in the State of Texas. This Defendant may be served with process at 1019 Sam Paul Road, Elberton, Georgia 30635, or wherever she may be found.

## III.
## JURISDICTION & VENUE

This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court.

Plaintiff prefers to have the Jury determine the fair amount of compensation for Plaintiff's damages. It is early in the case to be assessing the full nature and scope of Plaintiff's damages, and Plaintiff's place the decision regarding the amount of compensation to be awarded in the Jury's hands. Rule 47 of the Texas Rule of Civil Procedure, however, *requires* Plaintiff to provide a statement regarding the amount of monetary relief sought. Accordingly, pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiffs seek monetary relief between $25,000.00 and $75,000.00.

Venue is proper in Harris County, Texas because the events that give rise to the claim occurred in Harris County, Texas Tex. Civ. Prac. & Rem. Code §15.002(a)(1) and Tex. Inx. Code § 2210.575(e).

## IV.
## FACTS

Plaintiff owned certain property located at 13035 Mossy Ridge Cove, Houston, Texas 77041 (the "Property"), which was insured under a contract of insurance issued by Defendant United Property & Casualty Insurance Company ("UPC"). On or about August 25th and continuing for many days, Hurricane Harvey struck Texas and caused catastrophic damage with wind gusts

of up to 132 mph and sustained winds up to 110 mph. During the storm Plaintiff noticed leaks in game room, bedroom and hallway of the second floor, as well as water leaking along the side of the master bedroom door. Mrs. Bahbouche then contacted Defendant UPC and made a claim (Claim No. 2017TX029147) for damages to the Property and other damages covered by the terms of the Policy (the "Claim").

After receipt of the Claim, Defendant UPC enlisted Defendant Carol Calfee ("Calfee") to assist with investigating the Claim. Defendant Calfee was assigned to be the desk adjuster to investigate the claim, schedule an inspection of the property, review the inspection report and communicate coverage to Plaintiff. Carol assigned a field adjuster to investigate the claim and prepare a damage estimate. Even though Plaintiff's property sustained extensive damage as a result of the Hurricane force winds, the field adjuster's inspection of the roof, interior and exterior of the Property lasted no longer than sixty (60) minutes. During the inspection, she acknowledged the roof needed replacement due to storm damage and she would submit her report to Defendant UPC for review. A few days later, the field adjuster called Plaintiff to schedule a second inspection because she needed more photos because they were not good enough. A few weeks later, she arrived with another individual she called "her boss" to take more photos of the property. During the inspection the field adjuster's boss acknowledged storm damages to the roof. Then, Plaintiff received a phone call to setup a third inspection.

After the third inspection, Plaintiff received a settlement letter and estimate dated October 24, 2017. The estimate grossly undervalued Plaintiff's damages from the storm.

Plaintiff called Defendant Calfee because he disagreed with the assessment of his damages. Defendant Calfee then scheduled engineer, Travis Wells ("Wells") to inspect. Plaintiff then

received a letter with a copy of Haag Engineering's report from Defendant Calfee, dated March 2, 2018, improperly denying his roof damages.

These acts and omissions resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property. Defendant Calfee, the field adjuster and Defendant UPC thereby artificially underpay and/or denied Plaintiff's losses. More specifically, they completely ignored obviously covered damage to his property and undervalued and under-scoped the nature of the loss.

As a result of Defendant Calfee and the field adjuster's unreasonable investigation, Defendant UPC underpaid Plaintiff's claim. To date, Plaintiff has yet to receive full payment to which he is entitled under the Policy. Defendant UPC, Defendant Calfee and the field adjuster's improper handling of the Claim and/or Policy subjects them to liability under Texas law, as further detailed below, of which we hereby place each of you on notice. All acts and omissions were committed on behalf of Defendant UPC.

Even though Plaintiff's property sustained obvious damages caused by a covered occurrence, Defendants misrepresented to Plaintiff that the Policy did provide coverage for some but not all of the damages, thus falsely claiming Plaintiff's home had not been damaged. Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

Defendants refused to adequately compensate Plaintiff under the terms of the Policy even though they failed to conduct a reasonable investigation of the claim. This conduct violated the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

Defendants failed to provide Plaintiff with a reasonable explanation for the denial of his claim. This conduct violated the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

Defendant UPC failed to timely acknowledge Plaintiff's claim, begin an investigation of the claim, and request all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of the claim. This conduct violated the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

Defendant UPC failed to accept Plaintiff's full and entire claim within the statutorily mandated time of receiving all the necessary information. This conduct was a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

Defendant UPC has delayed payment of Plaintiff's claim longer than allowed, and, to date, Plaintiff has not received full payment for his claim. This conduct is a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

## V.
## CAUSES OF ACTION

**A.   Breach of Contract (UPC)**

Defendant UPC had a contract of insurance with Plaintiff. Plaintiff met or performed all conditions precedent under the contract. UPC breached the terms of that contract by wrongfully denying the claim and Plaintiff were damaged thereby.

Defendant UPC is therefore liable to Plaintiff for breach of contract.

**B.   Prompt Payment of Claims Statute (UPC)**

The Claim is a claim under an insurance policy with Defendant UPC, of which Plaintiff gave UPC proper notice, causing UPC to be liable for the Claim.

Defendant UPC violated the prompt payment of claims provisions of the Texas Insurance Code, namely, section 542.051 *et seq.*, by:

> Failing to request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the time constraints provided by Tex. Ins. Code § 542.055;

> Delaying payment of the Claims following receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by Tex. Ins. Code § 542.058.

Defendant UPC is therefore liable to Plaintiff for damages. In addition to Plaintiff's claim for damages, they are further entitled to interest and attorneys' fees as set forth in section 542.060 of the Texas Insurance Code.

**C.   Unfair Settlement Practices/Bad Faith (Defendants)**

Each of the foregoing paragraphs is incorporated by reference in the following.

As explained further herein, Defendants violated Tex. Ins. Code § 541.060(a) by engaging in unfair settlement practices.

**UPC**

Defendants UPC engaged in unfair settlement practices by:

Misrepresenting a material fact or policy provision relating to coverage at issue;

> a. Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

    b. Failing to promptly provide a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

    c. Failing within a reasonable time to affirm or deny coverage of a claim or submit a reservation of rights;

    d. Refusing to pay the claim without conducting a reasonable investigation with respect to the claim.

Each of the aforementioned unfair settlement practices was committed knowingly by UPC and was a producing cause of Plaintiff's damages. UPC is therefore liable to Plaintiff for engaging in such unfair settlement practices and causing Plaintiff's damages.

**Calfee**

Defendant Calfee is an insurance adjusters assigned by UPC to inspect, conduct a thorough and reasonable investigation of the Claim, including discovering covered damages and fully quantifying covered damages, adjust the Claim and communicating with the insured about the Policy terms. Insurance specialists are "persons engaged in the business of insurance" under Tex. Ins. Code 541.001, *et seq.*, and are individually liable for their individual violations of the Texas Insurance Code. *See Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 486 (Tex. 1998).

Defendant Calfee was tasked with the responsibility of conducting a thorough and reasonable inspection and investigation of Plaintiff's Claim, including the discovery of covered damages and fully quantifying covered damages to Plaintiff's Property. Further, Calfee misrepresented material facts, that is, the existence and the true value of the covered losses.

Defendant Calfee conducted a substandard, results-oriented inspection and investigation of the damages to the Subject Property. As such, Calfee failed to discover covered damages and/or fully quantify covered damages to Plaintiff's Property, as required by the Policy and Texas law.

1. Thus, Defendant Calfee engaged in unfair settlement practices by:

    a. Misrepresenting that there was only minor storm damage to the roof;

    b. Underpaying the claim;

    c. Incorrectly documenting the damages;

    d. Failing to include all covered damages;

    e. Failing to accept or deny coverage for the interior damages;

    f. Misrepresenting policy coverage; and

    g. Failing to include overhead and profit in the estimate.

2. Each of the aforementioned unfair settlement practices was committed knowingly by Calfee and was a producing cause of Plaintiff's damages. Calfee is therefore liable to Plaintiff for engaging in such unfair settlement practices and causing Plaintiff's damages.

**D.   DTPA (UPC)**

Each of the foregoing paragraphs is incorporated by reference here fully.

At all material times herein, Plaintiff was a "consumer" who purchased insurance products and services from Defendants, and the products and services form the basis of this action.

Defendant UPC has violated the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA") in at least the following respects:

   a. Defendant UPC represented the Policy confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

   b. Defendant UPC represented goods, products, or services had sponsorship, approval, characteristics, uses, benefits, or quantities they do not have;

   c. Defendant UPC failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce Plaintiff into

      a transaction they would not have entered into had the information been disclosed;

  d. Defendant UPC, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action prohibited by DTPA § 17.50(a)(1)(3) in that Defendant UPC took advantage of Plaintiff' lack of knowledge, ability, experience, and capacity to a grossly unfair degree, resulting in a gross disparity between the consideration paid in the transaction and the value received, all in violation of Chapter 541 of the Insurance Code;

  e. Generally engaging in unconscionable courses of action while handling the claim; and/or

  f. Violating the provisions of the Texas Insurance Code, as further described elsewhere herein.

As a result of Defendant UPC's violations of the DTPA, Plaintiff suffered actual damages, and such violations were a producing, actual, and proximate cause of Plaintiff's damages. Therefore, Defendant UPC is liable to Plaintiff for violations of the DTPA.

Further, Defendant UPC knowingly and/or intentionally committed the acts complained of herein. As such, Plaintiff are entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code § 541.152(a)-(b).

**E.    Breach of Duty of Good Faith and Fair Dealing (UPC)**

Defendant UPC breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the Claim when UPC knew or should have known liability was reasonably clear. UPC's conduct proximately caused Plaintiff's damages.

Defendant UPC is therefore liable to Plaintiff.

**F.    Attorneys' Fees**

Plaintiffs engaged the undersigned attorney to prosecute this lawsuit against Defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

Plaintiffs are entitled to reasonable and necessary attorneys' fees pursuant to Tex. Civ. Prac. & Rem. Code §§ 38.001–38.003 because they are represented by an attorney, presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

## IX.
## CONDITIONS PRECEDENT

All conditions precedent to Plaintiff's rights to recover have been fully performed or have been waived by UPC.

## X.
## JURY TRIAL DEMAND

Plaintiffs demand a jury trial of this cause and has or will tender the appropriate jury fee.

## XI.
## DISCOVERY REQUESTS

Pursuant to Rule 194, Defendant is requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(l).

Defendant is also requested to respond to the attached discovery requests within fifty (50) days in accordance to the instructions contained therein.

## XII.
## NOTICE OF INTENT TO USE DISCOVERY AT TRIAL

Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiff hereby gives notice of his intent to use all discovery instruments produced in this case at trial. Such discovery instruments include, but are not limited to, all documents Defendant has or will produce in response to Plaintiff's written discovery requests.

## XIII.
## CONCLUSION & PRAYER

For these reasons, Plaintiff prays that citations be issued, and, upon final hearing of the case, he recover all damages from and against Defendant that may reasonably be established by a preponderance of the evidence, and be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Plaintiff may show himself to be justly entitled.

Respectfully submitted,

*/s/ Bryant Fitts*

**Bryant Fitts**
Texas State Bar No. 24040904
bfitts@fittslawfirm.com
**Colton R. Shufelt**
Texas State Bar No. 24103934
cshufelt@fittslawfirm.com
FITTS LAW FIRM, PLLC
4801 Richmond Avenue
Houston, Texas 77027
Telephone 713.871.1670
Facsimile 713.583.1492
**ATTORNEYS FOR PLAINTIFF**